IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUN -8 A 10: 04
CLERK _____
SO. DIST. OF GA

| | |
|---|---|
| CHRISTOPHER ROSS LEFEVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 110-120 |
| ) | (Formerly CR 107-166) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 17). Following an evidentiary hearing held on February 17, 2011,[1] the Magistrate Judge recommended that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 be denied as to all three grounds for relief set forth in the motion. (Doc. no. 10.) In Ground Two of his motion – the only ground that Petitioner addresses in his objections – Petitioner argued that he received ineffective assistance of trial counsel because his attorney erroneously informed him that he would receive a maximum sentence of 19

---

[1] The following witnesses appeared and provided testimony at the evidentiary hearing: Petitioner; Mr. Charles Lyons, III, Petitioner's trial counsel; Ms. Patricia Rhodes, the Assistant United States Attorney who led the prosecution in Petitioner's criminal proceedings; and Mr. Craig Dallas, the United States Probation Officer who prepared Petitioner's Presentence Investigation Report. (Doc. no. 15, p. 2.) The Court appointed John R. Taylor for the limited purpose of representing Petitioner at the evidentiary hearing and filing any necessary objections to the R&R. (Doc. no. 6.) Additionally, the Court notes that Petitioner was granted an extension of time in which to file objections to the R&R to allow for the preparation of a transcript of the evidentiary hearing. (Doc. no. 14.)

years if he pled guilty.[2] (Doc. no. 1, p. 4.) The Magistrate Judge acknowledged that Petitioner's trial counsel communicated an estimate of the sentence that Petitioner might receive under the United States Sentencing Guidelines based on the charges to which he would have to plead guilty to accept the government's plea offer. (Doc. no. 10, p. 18.) However, the Magistrate Judge found that such estimate did not amount to a guarantee or prophecy as to the sentence Petitioner would ultimately receive, and, applying the standard set forth in Strickland v. Washington, 466 U.S. 668 (1994), concluded that Petitioner was not entitled to relief on Ground Two of his § 2255 motion. (Id. at 17-21.) In reaching this conclusion, the Magistrate Judge specifically discredited Petitioner's testimony to the extent that it was contradicted by the testimony of the other witnesses. (Id. at 19.)

In his objections, Petitioner argues that, because of his trial counsel's ineffective assistance, he reasonably understood the 19-year estimate to be a guarantee as to the maximum sentence he would receive if he pled guilty. (Doc. no. 17, pp. 2-4.) In support of this argument, Petitioner points to the testimony of his trial counsel that he never explained to Petitioner the difference between a Guidelines range and his sentence. (See id. at 3 (citing doc. no. 15, pp. 31-32).) Petitioner also disputes the Magistrate Judge's conclusion that any such misinformation from Petitioner's trial counsel did not prejudice Petitioner, since the potential sentencing consequences of pleading guilty were accurately explained to him by the undersigned during his Rule 11 hearing. (Doc. no. 17, p. 3.)

Upon consideration, the Court finds that Petitioner's objections lack merit. It may

---

[2] After pleading guilty, Petitioner received an actual sentence of 322 months, in large part because of his status as a career offender. (See doc. no. 10, p. 5.)

2

be, as Petitioner suggests, that his trial counsel did not provide him a crystal clear explanation as to his possible sentencing range under the Sentencing Guidelines versus the actual sentence he might receive. However, the test for ineffective assistance of counsel "has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). Moreover, regardless of any such unclear explanation, Petitioner's trial counsel never indicated that the 19-year estimate was anything but an estimate, and he never guaranteed that accepting the government's plea offer would result in a 19-year sentence. (Doc. no. 15, p. 23.) The only evidence that Petitioner was "guaranteed" a 19-year sentence was the testimony of Petitioner, which the Magistrate Judge discredited in a properly made credibility determination. (See doc. no. 10, pp. 19-20.)

Furthermore, Petitioner's self-serving allegations in support of his § 2255 motion are plainly inadequate to justify relief in light of his sworn testimony at his Rule 11 hearing that he understood his guilty plea did not guarantee any specific sentence and that no one had coerced him or offered any guarantee or prophecy as to what sentence would be imposed, United States v. Lefever, CR 107-166, doc. no. 64, pp. 10, 16-18 (S.D. Ga. Mar. 19, 2008).[3] See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("The representations of the defendant . . . at [the plea] hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court [at a plea hearing] carry a strong

---

[3]Similarly, Petitioner swore under penalty of perjury in his plea agreement that he understood the Court would be free to impose any sentence authorized by law and that "the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by [Petitioner's] counsel or the United States Attorney," Lefever, CR 107-166, doc. no. 33, pp. 10-11.

3

presumption of verity.").

In sum, these objections are without merit and do not warrant departing from the conclusions in the R&R. Petitioner's objections not explicitly discussed herein are likewise without merit. Accordingly, Petitioner's objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court turns to the issue of whether to issue a certificate of appealability ("COA"). A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3). Finally, because the terms of the appointment of Petitioner's appointed counsel are now complete, the appointment of John R. Taylor as counsel for Petitioner under the Criminal Justice Act is hereby **TERMINATED**, and Mr. Taylor is invited to file his appointment voucher accordingly.

---

[4] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

4

Therefore, Petitioner's § 2255 motion is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the United States of America.

SO ORDERED this 8th day of June, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE