FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
24 MAR -8 PM 12: 17
CLERK M. Aleris
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA *
*
v. * CR 107-166
*
CHRISTOPHER ROSS LEFEVER *

# O R D E R

On December 6, 2023, the Court dismissed without prejudice Defendant Christopher Ross Lefever's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the United States Sentencing Guidelines because it was premature. (Doc. No. 117.) Rather than wait for the effective date of the Amendment's retroactivity, February 1, 2024, Defendant chose to file a notice of appeal. (Doc. No. 118.) The matter remains pending in the Eleventh Circuit Court of Appeals.

After February 1, 2024, Defendant filed a new motion to reduce his sentence. He also filed a motion requesting the appointment of counsel. Finally, Defendant filed a motion for reconsideration of the Order of December 6, 2023, essentially on the same grounds appearing in his motion to reduce sentence.

When Defendant filed his notice of appeal, he divested this Court of jurisdiction to modify his sentence. See United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) ("The filing of

a notice of appeal . . . divests the district court of its control over the aspects of the case involved in the appeal."); Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986) ("[A] notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal."). Nevertheless, when, as here, a motion for relief arises that the court lacks the authority to grant because of a pending appeal, the district court may either defer the ruling, deny the requested relief, or issue an indicative ruling. Fed. R. Crim. P. 37(a). Upon review, the Court has determined that Defendant's pending motions should be denied.

First, Defendant has no statutory or constitutional right to appointed counsel in this context. See United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). The Court has reviewed myriad of cases initiated by pro se criminal defendants of varying educations, backgrounds, and circumstances seeking sentence reductions under Amendment 821. Generally speaking, the Court finds that these defendants have adequately presented their cases to the Court for judicial review. Short of showing that the interests of justice *require* the appointment of counsel, which

Defendant has not done, the Court **DENIES** his motion for the appointment of counsel (doc. no. 122).

Second, Amendment 821 has no effect on Defendant's guideline range. Amendment 821 provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1. Under the prior version of § 4A1.1, Defendant's criminal history score of 18 was increased by two "status points" because he had committed this federal offense while under a criminal justice sentence. Under the amended § 4A1.1(e), Defendant would receive only one status point; thus, his total criminal history score would fall from 21[1] to 20 upon retroactive application of § 4A1.1(e). Even so, Defendant's criminal history category was determined to be VI because he is a career offender, see U.S.S.G. § 4B1.1(b), not because of his total criminal history score.[2] So, the reduction in his total criminal history score to 20 does not change his criminal history category of VI, and thus, his guideline range would not be affected by Amendment 821. For

---

[1] In addition to the two status points, another point was added to Defendant's criminal history score because the instant offenses were committed less than two years following the defendant's release from custody. See Presentence Investigation Report ¶ 132 (citing U.S.S.G. § 4A1.1(e) (2008)).

[2] It is worth noting that even if Defendant's criminal history category had been based upon his criminal history score of 22, which would have yielded a criminal history category of VI, he would remain a category VI with an amended criminal history score of 21.

this reason, Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 (doc. no. 123) is **DENIED.** The Clerk is directed to **TERMINATE AS MOOT** Defendant's motion for reconsideration (doc. no. 126). The Clerk is further directed to provide a copy of this Order to the Eleventh Circuit Court of Appeals forthwith.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of March, 2024.

UNITED STATES DISTRICT JUDGE